**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 2, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3976

| | |
|---|---|
| SONDRA CARTWRIGHT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 C 4298 |
| CITY OF CHICAGO, et al., *Defendants-Appellees.* | George W. Lindberg, *Judge.* |

**O R D E R**

Chicago police officers kicked in the door to Sondra Cartwright's apartment and arrested her for possession of crack cocaine they allegedly found inside. Cartwright spent a lengthy period in pretrial detention but eventually represented herself successfully at trial and was found not guilty by a jury of possessing a controlled substance with intent to

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

deliver. Cartwright then sued the City and four of its police officers under 42 U.S.C. § 1983 and state law. She alleged that the officers lied about finding crack in her apartment and claimed that she was arrested without probable cause and was the victim of a civil conspiracy and malicious prosecution. At summary judgment the district court concluded that undisputed evidence established that probable cause supported the arrest and prosecution. Cartwright appeals.

In moving for summary judgment, the defendants relied on deposition testimony from the four police officers and Cartwright. The parties agree that two of the defendants, Alvin Jones and Douglas Nichols, entered Cartwright's building in a housing project and began chasing two men who fled up a stairwell. According to Jones and Nichols, they observed one of the men banging on Cartwright's door and saw him try to hand Cartwright three plastic bags when she opened the door. One of those clear bags, they said, fell to the floor outside the apartment, and after Cartwright had shut the door, Jones retrieved the dropped bag and saw that it contained numerous smaller, blue-tinted bags of what appeared to be crack. Jones then knocked on Cartwright's door, identified himself as a police officer and told her to let him in. When Cartwright refused, Jones, now joined by Ronald Watts, another of the defendants, kicked in the door and found Cartwright outside the bedroom window of her second-story apartment hanging on by her hands to the window sill. Upon seeing the officers, she dropped to the ground and fled to a nearby park where the fourth defendant, officer Lamonica Lewis, arrested her. Jones and Watts insist, as they did in the criminal case, that on the floor beneath the bedroom window they found two plastic bags identical to the one recovered in the hallway, each containing many smaller, blue-tinted bags of crack.

Cartwright, who no longer was represented by the law firm that filed her complaint, opposed the defendants' motion for summary judgment with a six-page response that addressed their statement of undisputed facts paragraph by paragraph. Cartwright identified the points on which the parties agreed and disagreed, and where disputes existed, she gave her contrary account. But she did not supply record citations for all of her assertions, and the "narrative" she included to add to her version of events is not sworn. Cartwright denied that anyone had passed drugs to her through her front door, and she also denied that any drugs were present in her apartment. She did not swear to these critical representations, and she did not include record citations to support them. In her discovery deposition, though, which the defendants cited in their motion and excerpted in their exhibits, Cartwright had explicitly stated that no one came to her door or gave her drugs during the police raid. According to her deposition account, Cartwright was resting in her apartment when Watts banged on her door and threatened to arrest her if she did not open up. Cartwright, who said during the questioning that she was frightened that the police would try to harm her, blocked the door to her apartment. When the officers had started to

break down her door, she fled out the window and walked to the park where she was apprehended. She said that she expected the police to give her trouble but "never thought in [her] wildest" that the police would "try to put drugs on" her.

In granting summary judgment for the defendants, the district court accepted the entirety of their version of events with the explanation that Cartwright had failed to support her response in the manner required by the local rules. *See* N.D. ILL. R. 56.1(b)(3)(B). Yet the court acknowledged that the defendants themselves had established that Cartwright disputed their contention that she answered the drug dealer's knock and accepted the two plastic bags laden with drugs. The district court reasoned, however, that this difference between the parties was not material because, even crediting Cartwright's story that the officers kicked in her door for no reason, Cartwright still had not disputed their assertion that they found the two crack-laden bags in her apartment. And the drugs alone, the district court held, gave the officers probable cause to arrest and prosecute Cartwright, which defeated her claims of false arrest and malicious prosecution. Cartwright has appealed and argues that she complied with Rule 56.1 and that summary judgment was inappropriate because the record demonstrates the existence of genuine issues of material fact.

We conclude that the district court erred in granting summary judgment for the defendants. From the outset, the court's analysis is problematic because the judge accepted the defendants' version of events without regard for whether Cartwright had properly disputed any of their individual statements of fact. A district court may deem admitted a defendant's properly supported assertions of fact that are not controverted by the plaintiff with citations to evidence in the record, *see Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 755 (7th Cir. 2003), but even when the opposing party does not dispute the movant's facts, the district court is still obligated to review those facts in the light most favorable to the nonmoving party, *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 533 (7th Cir. 2011). In her response Cartwright did not always support her objections with citations to evidence, but sometimes she did. Her pro se response is not on par with a counseled submission, but Cartwright did manage to conform many of her individual paragraphs to the requirements of the local rule. Thus, the district court was not free to disregard her entire response, as the court appears to have done.

More importantly, though, the defendants' own submission establishes the existence of a material dispute about the very matter on which this lawsuit turns: whether Cartwright opened her door to a drug dealer and took delivery of two bags of crack. The defendants laid out in careful detail how the officers allegedly chased the dealer up the stairs and saw him hand off the bags to Cartwright. The defendants described the two plastic bags allegedly found in Cartwright's apartment as "identical" to the third that they say was dropped in the hallway by the dealer—containing the same smaller, blue-tinted bags of

crack. The defendants have never asserted that the arrest and prosecution of Cartwright was based upon the discovery of additional drugs or criminal conduct independent of her supposed possession of the two plastic bags from the drug dealer, and since there is an acknowledged dispute about whether she received those drugs, there necessarily is a dispute about whether Jones and Watts recovered them from Cartwright's apartment. The district court did not appreciate the connection, but the only reasonable inference from Cartwright's denial that she accepted these bags is that the bags were not in her apartment when she made her escape.

That is reason enough to overturn the district court's ruling, but we note that additional support for this inference can be found in the excerpt of Cartwright's deposition provided by the defendants. Even if a party opposing summary judgment presents no evidence at all, summary judgment is improper when the movant's own submissions do not establish the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *Quorum Health Resources, LLC v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002). The district court was obligated to construe all facts and reasonable inferences in Cartwright's favor, *Marion v. City of Corydon, Ind.*, 559 F.3d 700, 704 (7th Cir. 2009), and the deposition excerpt that the defendants relied upon in fact highlights the factual dispute over whether Watts and Jones discovered or planted the two bags of crack in Cartwright's apartment. When explaining her decision to jump from her window, Cartwright stated that she was in fear for her safety and never thought that the police would plant drugs in her apartment. This statement, coupled with Cartwright's assertion that she was "not involved with drugs," strengthens the inference that Cartwright disputed that the officers found drugs in her apartment.

Accordingly, it was error to grant summary judgment for Watts and Jones, the two officers who claim to have jointly recovered the bags of drugs from Cartwright's apartment. It was error as well to grant summary judgment for Nichols, whose testimony corroborates the disputed testimony of Watts and Jones that they saw the drug dealer hand his wares to Cartwright through her front door. And since the claims against these defendants should have gone forward, the claims against the City, which arise exclusively under state law, should have gone forward as well. But as to Lewis, whose only role was to nab Cartwright in the park, there is no evidence that she knew or had reason to believe that the drugs were not actually found inside the apartment, or that she participated in a scheme to secure Cartwright's arrest and prosecution.

The judgment is AFFIRMED as to Lewis. As to all other defendants, the judgment is VACATED, and the case is REMANDED to the district court for further proceedings.